When the testator directed the sum of $750 to be laid out in repairs upon the house in question, his professed object in doing so was the accommodation of the widow. If he had any other object in view he has not expressed it. If, then, the purpose for which this expenditure was to be made has failed, no other person (470) not intended to be benefited can call for its execution.
It is true, if the repairs had taken place, Tillman Holliday, the son, would thereby be benefited after the death of his mother; this would be the consequence of an act directed to be done, but not the motive which led to it. When property is given to a legatee through affection, charity, or any other motive, it is a consequence of that charity that some other person is benefited by that legacy after the death of the legatee. If the repairs were made the son would have the benefit of them because the law would give it to him; as they are not made, the executors or those entitled under them, should retain the money, because the widow, the only meritorious claimant, cannot assert a right to it, and the son's pretensions must fall with that right; as well, I think, might the next of kin of a deceased legatee expect to enjoy the benefit of a lapsed legacy. For these reasons I think the $750 should be divided among the distributees of the testator.